FILED
2018 Jun-28 PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| **DOROTHY MULLINS,** *as personal representative of the Estate of Tina Brown, Deceased,,* )<br>)<br>)<br>)<br>**Plaintiff,** )<br>)<br>**vs.** )<br>)<br>**HEALTHCARE AUTHORITY OF THE CITY OF HUNTSVILLE,** )<br>)<br>**Defendant.** | Civil Action Number<br>**5:16-cv-01700-AKK** |

## MEMORANDUM OPINION

Tina Brown, a forty-five year old black woman, filed this lawsuit alleging that the Healthcare Authority of the City of Huntsville discharged her because of her race and age.[1] Shortly after she filed suit, Brown passed away, doc. 11, and Brown's sister, Dorothy Mullins, was substituted as the plaintiff in her capacity as representative of Brown's estate, doc. 20. The Healthcare Authority filed a motion for summary judgment, doc. 29, and Mullins, who is now *pro se*, has failed to respond.

---

[1] Brown's race claims allege violations of Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2. The age claims allege violations of the Age Discrimination in Employment Act, 29 U.S.C. § 623, and the Alabama Age Discrimination in Employment, Ala. Code § 25-1-22.

## I.    SUMMARY JUDGMENT LEGAL STANDARDS

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. "Rule 56[] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (alteration in original). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Id*. at 323. The burden then shifts to the nonmoving party, who is required to "go beyond the pleadings" to establish that there is a "genuine issue for trial." *Id*. at 324 (internal quotations omitted). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Relevant here, "[w]hen a motion for summary judgment is properly supported, the nonmoving party may not rest upon the mere allegations or denials of its pleadings, but must, through affidavits or as otherwise provided in [Rule 56], designate specific facts showing that there is a genuine issue for trial." *L.S.T., Inc. v. Crow*, 49 F.3d 679, 684 (11th Cir. 1995) (internal quotations omitted). If the

nonmoving party does not respond to the motion for summary judgment, "[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it." *Resolution Tr. Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir. 1995) (en banc). "Rather, the onus is upon the parties to formulate arguments; grounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned." *Id.*

## II. ANALYSIS

"[A] pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Therefore, in light of Mullins' failure to respond to the Healthcare Authority's motion, she has abandoned her claims, *see Resolution Tr. Corp.*, 43 F.3d at 599, and summary judgment is due to be granted on this basis alone.

The claims also fail on the merits. Briefly, viewing the record before the court in the light most favorable to Mullins, Brown worked as a float secretary on the surgical service line at Huntsville Hospital and was involved in two separate altercations with her coworkers that form the basis for her claims in this case. Doc. 30-1 at 3. First, a white employee attempted to hug Brown against her will, and Brown held up her hand to indicate that she did not want to be touched. Docs. 1 at

3; 1-1 at 3; 30 at 6-11. In doing so, Brown claims that she "inadvertently struck [this employee] on the neck"; the employee, however, alleged that Brown choked her. Docs. 1 at 3; 1-1 at 3; 30 at 6-11. Second, in response to Brown's invitation to attend church with her, a different white employee used profanity to disparage the minister at Brown's church. Doc. 30-1 at 6-7. The purported disparate treatment between Brown and these two employees is the genesis of this lawsuit.

The Healthcare Authority received notice of both incidents concurrently, it seems. After investigating these incidents, the Healthcare Authority discharged the employee involved in the second incident. Doc. 30 at 7-8. As for the first incident, the witnesses apparently sided with Brown's coworker. In fact, multiple employees expressed an unwillingness to work with Brown, *see* doc. 30 at 7-8, purportedly because of problems they have experienced with her. As a result of the investigation, the Healthcare Authority informed Brown that she had thirty days to find another position at the hospital in a different department. Doc. 30 at 3-11. Brown applied for several other positions, unsuccessfully. Doc. 30-1 at 7-8. As a result, she lost her employment at the Healthcare Authority. *Id.*

Where, as here, the plaintiff has no direct evidence of discrimination,[2] she must prove her claim using the circumstantial evidence method. *Alvarez v. Royal*

---

[2] Direct evidence is "evidence that, if believed, proves the existence of a fact without inference or presumption" and includes "only the most blatant remarks, whose intent could mean

*Atl. Developers, Inc.*, 610 F.3d 1253, 1264 (11th Cir. 2010). Under this method, courts utilize the burden-shifting framework created in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), and *Texas Dep't. of Community Affairs v. Burdine,* 450 U.S. 248 (1981). A plaintiff establishes a *prima facie* case of discrimination typically "by showing that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast to similarly situated employees outside the protected class." *Alvarez*, 610 F.3d at 1264.

Applying this framework here, Mullins has failed to establish a *prima facie* case of race or age discrimination. First, nothing in the record indicates the age of the two comparators in question. Consequently, the court has no basis upon which to find that Mullins has stated a *prima facie* case of age discrimination. *See Alvarez*, 610 F.3d at 1264. Second, Mullins has also failed to establish that the Healthcare Authority treated Brown less favorably than her two comparators to support a race claim. In fact, given that the Healthcare Authority discharged the employee who used profanity to insult Brown's minister, Mullins can hardly argue credibly about purported favorable treatment as to this employee. Moreover, there is nothing in the record to indicate that the first employee engaged in any comparable conduct as Brown. By Brown's own admission, it was Brown who

---

nothing other than to discriminate on the basis of some impermissible factor." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotations omitted).

struck the employee—albeit inadvertently—on the neck. Therefore, the *prima facie* case on the race claim fails also. *See Alvarez*, 610 F.3d at 1264

Finally, the claims fail because the Healthcare Authority has articulated legitimate, nondiscriminatory reasons for discharging Brown. The most serious infraction was Brown's alleged choking of a coworker. In addition, the record reflects that the Healthcare Authority had warned Brown about "communication and professionalism" issues prior to this incident. *See* doc. 30 at 5-7. Though Brown disputed that she engaged in any misconduct and believed that she was being treated unfairly, antidiscrimination laws are not concerned with "whether [plaintiffs] are, in fact, good employees." *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002). As the Eleventh Circuit aptly put it:

> The inquiry into pretext centers on the employer's beliefs, not the employee's beliefs and, to be blunt about it, not on reality as it exists outside of the decision maker's head. . . . The question is whether her employers were dissatisfied with her for these or other non-discriminatory reasons, even if mistakenly or unfairly so, or instead merely used those complaints about [the employee] as cover for discriminating against her because of her [protected status].

*Alvarez*, 610 F.3d at 1266. Because the record supports the Healthcare Authority's good faith belief of misconduct and professionalism problems by Brown, Mullins cannot establish that the Healthcare Authority's proffered reasons for Brown's discharge are pretextual. *Id.* Indeed, even if the first employee was "lying through [her] teeth" about the alleged choking incident, based on its investigation the

Healthcare Authority had a reasonable basis upon which to discharge Brown. *See Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991).

## **CONCLUSION**

Consistent with this opinion, the Healthcare Authority's Motion for Summary Judgment, doc. 29, is due to be granted. A separate order will be entered.

**DONE** the 28th day of June, 2018.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE